Appeal from a decision and award of the Workmen’s Compensation Board. The claimant was injured while working as a laborer January 29, 1949. The question here is the wage base to be applied to compute the rate of compensation. The record shows that claimant had worked for the employer six years as a full-time worker at five days a week. In the year preceding the accident he worked 194 days in 49 weeks. The board found that claimant “ did not work substantially the whole of the year immediately preceding said accident,” and applied subdivision 2 of section 14 of the Workmenls Compensation Law. This provides that if the claimant shall not have worked substantially the whole of the year before accident, his earnings (for a five-day worker) shall be computed on the basis of 260 times the average daily wage of a worker “ of the same class”. The worker of the same class whose wage was used as a base worked 264 days and the resulting wage base found from his record and applied to claimant’s case was an average weekly wage of $50.60. Appellant argues that it is unfair to apply this method, but that subdivision 3 of the section should be applied. This provides that if the methods created by the preceding subdivisions “ cannot reasonably and fairly be applied ” an alternative method, which here would result in a wage base of $39.88 should be applied: Subdivision 1, which fixes the base of an employee working substantially all the year is not applicable. Whether 194 days is not “ substantially ” all of a year is l, question which is, at least, debatable, and to say this is to say it presents l question of fact. The board was required to use the formula in subdivision 3 only if the others could not reasonably be applied. It cannot be said as a matter of law that it was unreasonable to apply the formula based on the wage of a worker in the same class. Decision and award unanimously affirmed, with costs to the Workmen’s Compensation Board. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.